Case No. 25-188 United States v. Delahoz Mr. Rosenberg, may I be ready? Your Honors, may it please the Court, Jonathan Rosenberg for Mr. Delahoz, the appellant in this case. And at the outset, I want to remark that the District Court, in this case, the remarks at this sentencing proceeding, I think, were moving. I think they were precisely the kind of frustration a person not in the position of a judge should feel about a delinquent defendant continuing to violate conditions of supervised release over the years. This was a very challenging case for any judge to deal with. But the judge was right on all the human instincts. He was wrong on the law. And that is why we were asking this Court to reverse and remand. And even if the Court reversed and remanded and it went back and it gave the same 60 months, but on a proper process without the references that are made to the original sentence and the desire for retribution as prohibited by this Court now and also hysterics, if I'm pronouncing it right, then that's a much better outcome than what I would say was the untempered proceeding where the violations were not the focus of the sentence in this case. I'd like to just read four very important quotes from the transcript of sentencing and draw this Court's attention to them specifically from the record. Let me just interrupt for a second. I'd appreciate it as you go through the transcript that you would differentiate between what you see as improper retributive comments regarding the underlying offense versus regarding the violation of supervised release. That's critically important and I'll do that, Your Honor. Thank you. As to referring first to the original offense, the Court began with the offense, not the violation. And I quote from Appendix A129, the Court began, and this is the quote, quote, this is a case unlike any I've encountered in 20 years and that it's a person who received a significant break. Now we know from Kerr and we know from Lopez cases decided by this Court that a Court can refer to the past. A Court can refer to delinquency. A Court can do that. And it goes further. He talks of the probation officer. Probation recommended 24 months. They had a very meaningful colloquy with the Court. Probation tried to discuss the difficulty of the position of trying to weigh the needs of supervision with the needs of violations. It was an interesting colloquy to read and, quote, we have A122 of the Appendix 122, quote, the probation officer in that colloquy, well, I mean he was looking at a 27-year sentence and that's referring to the original offense. And I'll start again. Well, I mean he was looking at a 27-year sentence, mandatory, on the charges that he was originally charged with and pled guilty to, right? And that's also referring to the original offense conduct. This is not like Lopez. This is not like Kerr. We then just get... But you agreed that the Court is entitled to look back and review what has happened. That doesn't necessarily establish that in imposing a sentence he is not focusing on the violation. That's absolutely correct. The Court can do that. It's understandable if a Court does that. And I know this Court is very familiar with the transcript. You can see if that's what's being done or not. And I would draw to A130. You don't disagree that the Court can be assigning retribution for the violation of supervised release? I apologize. Can they assign retribution? Retribution can be a motivation for the violation of supervised release but not the underlying offense. Is that right? You don't disagree with that, do you? Or do you think Asteris prohibits retribution, consideration of retribution as a factor in anything? My reading of Asteris is that it focused on the underlying offense as to retribution. Okay. Wait. That's the question. The question is can the Court consider retribution with regard to the acts that constituted the violation of supervised release? I think in some part they can based on the statutory. Yes, the statute does not eliminate that completely. So the district court talked about breach of trust and the significance of the breach of trust here. Significantly. And wouldn't it be reasonable to think that the degree of the breach of trust has to do with there is influenced in part by what happened previously in the original sentencing? And that certainly can be the case, but that is not what happened here. We have even just the reference at A130. Five years is the most I can give you. I candidly think you deserve, deserve is the key word, much more than that, much more than that at A130. And that was not just referring to the violations. That's the language of punishment referring to the history of lying and deserve more for the criminal history that began in 2015. I've only been doing this 39 years, but I've never seen a case where someone went out of their way to manufacture an excuse with regard to his conduct, with regard to the Philadelphia incident. I mean, he falsified documents. He got other people to lie for him. He did this thing about a food truck. I mean, this shows an utter disregard, a total attempt to avoid responsibility. And I think the district court judge was noting that, wasn't he? I mean, in all your time, have you ever had a client who had the audacity to go in and lie to a federal judge about, oh, this was really going to be a visit, a food truck? The only reason he got caught was because his phone was tapped. Yeah, I think what's the key is, though, we have the uncharted – Incredulous is the word that comes to mind. What was the word, Your Honor? Incredulous. I mean, I've never seen anything like this. Right, and I think that's the issue, though. He played the four violations, though. And he wasn't charged, and the judge is very clear with the prosecutor. I want you to charge. Why aren't you prosecuting these crimes as crimes? Why aren't you going forward? Because this deserves more time. But that's all about the violations, not about the underlying offense, right? Right, and that does have to do with the violations, but it shows what the thinking is as to the entire proceeding. There's no way Mr. Delahose could have walked into that proceeding and gotten anything less than 60 months or a fair hearing on the probation's view or anything like that because the judge's first remarks before even there were arguments from defense counsel were about, well – This is all plain air review or two, right? Plain air, correct. It's clear and obvious, but other quote, given that break you got the first time, it seems to me that you are still coming out way ahead. Way ahead means what you should have gotten. Way ahead of where you should be given your conduct. A judge can express that kind of regret on the original sentencing all they want if they're not actually acting on that. There was no weighing of any factors having to do with what actually happened as to the plate two violations. It was uncharged conduct. We don't have proof of it. We don't have proof of – I mean, the judge didn't have the ability to have a hearing on the things that were not what he pled to. He pled to four violations involving a car chase, and it is incredulous, even just the car chase conduct, Your Honor. But incredulous doesn't equal a predetermined 60 months, and it was more than just temperament. It was a – it felt personal, if you read this. The judge felt like it was a personal violation of trust, and that's permissible to the degree it's not personalized. Well, there are cases that have called the breach of trust aspect in the violation of supervisor's release, called the judge the victim. That is the breach of trust, the sense where you set conditions and said, okay, we're looking forward. We're going to let you rehabilitate. We're going to do our best to support you. And then you went out and did something as outrageous as this in manufacturing documents and getting other people to lie for you. That's all about the violation conduct, and the breach of trust is profound. The breach of trust is there. It's profound, but it requires a process, and the judge was very clear. If I could give you 15 years, he said, in sum and substance. If I can give you 15 years, I'd do that. So part of the issue with supervised release and violations is that as the law stands right now, there is no required process constitutionally, right? It's set apart from the prosecution for the underlying offense, unless it's separately charged, unless the government decides to separately charge. But are you saying that the current regime still requires a hearing and even a jury? I think following the statutory without reference to retribution on the original offense is a process that is required, yes. We might not call it a traditional process, but it's most certainly a process due to the defendant in this case. Thank you, Counselor. You've reserved some time for rebuttal. We'll hear from the government. Thank you, Your Honors. May it please the court, Joseph Rosenberg for the United States. I represented the government in the district court, as I do here on this appeal. This appeal arises from a revocation sentence that Judge Sullivan imposed on the appellant after the second time that the appellant violated supervised release. Three months after the appellant was released from his first revocation sentence, he was caught doing a drug deal in Philadelphia. And after he was caught, he engaged in an elaborate, months-long campaign to cover it up. He lied to the court. He lied to probation. He enlisted others to lie to the court and to probation. And he created a fake alibi, complete with falsified documents, as Your Honors have noted. And so Judge Sullivan revoked the term of his supervised release and imposed a 60-month sentence. Because that sentence was both procedurally and substantively reasonable, this court should affirm the judgment of revocation. So shouldn't we be troubled still by the language that your colleague on the other side has pointed out, where Judge Sullivan noted that you got a break the first time, this was a lenient sentence, and, you know, we could have given you a whole lot more? That still sets a framework for assessing the severity of the violation of supervised release, even here where the offenses are patent and profound, as I was saying, as we were saying earlier. But still the framing suggests that, you know, now I'm going to give you as much as I possibly can because I gave you a break before. Why should we be worried about that unless we're going to take the position that it's okay to still, after a steris, do some retribution for a breach of trust on the first offense? No, Your Honor. You shouldn't be troubled at all by this transcript, by what happened in this case. Judge Sullivan, who's, of course, a very experienced judge, said that this is the most significant breach of trust I've ever seen. And Judge Wesley was just saying the same thing. The quotes that Your Honor has pointed out, which are, if I could give you 10, I'd give you 10. If I could give you 15, I'd give you 15. The court, this court has already issued two summary orders, which we put in our 28-J letter, Lopez and Kerr. Of course, we're not bound by those. But I was really focusing on the leniency, the references to leniency in the first go-around. Like, you got off easy. And so that is entering into the judge's calculus about how severely to punish the violations as well. Isn't that a fair inference? Yes, and a court is allowed to do that, Your Honor. A court is allowed under Section 3553A.1 to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a revocation sentence. And the reason I respectfully submit that Lopez and Kerr were summary orders is because they were applying very subtle law to the facts there. And the panel's in— What is the government's position about whether the district judge in sentencing on a violation of supervised release can have a retributory— retributive, I guess, motive in part in sentencing for the violation? Asteris doesn't say that it can't. Right. What I would say is the Second Circuit's— Is this court's case law in precedential opinions such as Edwards and Ramos that are cited in our brief say that the primary purpose of a court revoking supervised release is to sanction the breach of trust? Of course, as Your Honors have already noted, when a court is evaluating the severity of a breach of trust, they have to consider how serious the conduct before them is. Yeah, I guess that's my issue is that breach of trust seems to bring with it the, you know, I went easy on you last time because I was hoping that would help get you back on track. But because of what you did, this is a really severe breach of trust. And that seems to have, at least in part, been influenced by the original sentencing. And what we have to figure out is, does Asteris completely bar any kind of consideration of that which might be that kind of statement which might be reflective of retribution? Or is it good enough that it falls under sort of breach of trust and that's mostly what you did now rather than what you did the first time? Well, breach of trust, Your Honor, encompasses in part the sentence that was imposed before. A sentence that was imposed before that included supervised release, that was an extension of trust from the court to the supervisee. And the conduct that underlies the violation is the significance of the breach. But part of the trust was I was hoping that, you know, I went easy on you last time. And that was a mistake because look what happened. Asteris doesn't say that a court can't consider that. And this court in summary orders in Lopez and Kerr has said explicitly that when a judge – it was not error for the judge to say – to take into account the leniency of a prior sentence when considering in a revocation sentence proper sentencing factors, the forward-looking sentencing factors like deterrence, incapacitation, rehabilitation. It tied together the fact that the earlier sentence doesn't seem to have an effect upon his conduct. Because he was a multiple repeat offender of term – of special – of supervised release. Correct, Your Honor. He was trying to get out within a very short period of time. He was – he committed a violation, the most elaborate violation I've ever seen in my life. But – and so it seems – I don't think it's necessarily a comment upon the earlier activity as it is a comment about the effect of the earlier sentence which was – because he was released, he got time served from the original sentence. And then there was continued activity over a period of years. So that's how I understand a breach of trust. When you sentence someone – back when I was in the state court in criminal part – you sentence someone, you're engaging upon your best informed determination as to what's going to stop this person from performing another criminal act. And that's what the breach of trust – to my mind, that's what we're talking about when that's expressed. To be sure, Your Honor. And Judge Sullivan explicitly mentioned the fact that Mr. Delahose wasn't deterred by the prior sentences in this case. And also explicitly mentioned, quote, you're a dangerous guy. That's an incapacitation. What kind of comment by the district court would be – would violate Asteris? Can you give an example relating to the underlying offense but factored into the breach of trust? Or is there no such comment that if it's under the breach of trust kind of framework that could run afoul of Asteris? Let me just answer that by reference to what Judge Gardefee said in the sentencings in Lopez and Kerr, which this court rejected an Asteris challenge to on review in those cases. Judge Gardefee said, I'm required to take into consideration the seriousness of the violation and the need for the sentence imposed to afford just punishment. And I'm forgetting the third factor under 3553A2A. The – this court affirmed. And even in that case – and this case is a much easier case than that because the government didn't ask Judge Sullivan to take into account 3553A2A. And Judge Sullivan didn't mention any of those factors. He was very clear. He couldn't have been clearer. This is the most significant breach of trust I've ever seen. So looking at Lopez, we were on plain error also. And I'm not seeing whether on Kerr we were on plain – I think it was abuse of discretion. Abuse of discretion. That's right. So if we were starting without that handicap, if you will, what kind of statements – following up on Judge Park's question, what kind of statements would on de novo kind of review be disqualifiers under Asteris? Well, let me just say also that the court in Asteris kind of envisioned this situation towards the end of Judge Barrett's opinion for the court. She said for the court that if a judge seems to be running afoul of 3553A2A, for example, by saying on the facts of this case, Mr. Delahose, that assault you did on that federal officer back in 2015, that was really horrible and you need more time for that. So something super explicit. But, I mean, there we have still – you said that we could take into account and the district judge can take into account the nature and context of the underlying offense. I mean, that all bears on future needs for incapacitation and dangerousness and so on. I mean, it seems really actually difficult to separate out the two so that one is purely backward-looking and one is purely forward-looking. I understand Your Honor's frustration or concern with the Supreme Court's kind of framework, but that is the framework they gave us. And in particular, they made clear that on plain error review, which is what we're on here, the only time a court should reverse is when the district court actually relied on the prohibited factors either explicitly, which is not even claimed here, or by unmistakable implication, which is also not a fair reading of what happened. Should the district judge be able to take into account whether the government or the state or federal government is charging the individual and going ahead with a prosecution on the violative conduct? I think that a district court is allowed to take into account all information at sentencing. I think that's the law. Yes, Your Honor. Okay. Thank you. Unless there are any further questions, the government will rest on its breeze. Thank you, counsel. We'll hear rebuttal. Your Honors, there is no question there was a breach of trust that was significant in this case. I don't even think the argument goes to was it 60 months permissible under a proper framework. But this was the exact kind of case where Gisteris was violated. The government seems to imply, though not directly say, that there's a violation of Gisteris where the judge goes, okay, I am not following that factor specifically under 3223 or 3553, 2A2. And I don't think we're going to come across a situation where a judge goes, oh, I'm going to violate that statute flagrantly. This case hadn't been decided also at the time that defense counsel should have objected. But we're here on plain error because the Supreme Court guided us there. You can't or you don't come out ahead of a breach of trust. You come out ahead of a sentence is something that's very important to point to the court here. The judge invoked the 27-year mandatory minimum at A122. Coming out way ahead, A130, is the court measuring the distance between 40 months served and 27 years deserved. And the word deserved is used also as to what the judge thought should have occurred. And he made it very clear he thought the prosecution should have moved forward with charging this person with other acts that were not ones that my client admitted to as violations. My client admitted to, I think it was four violations that involved, of course, being chased by cops. You guys know what those are. But they weren't involving narcotics trafficking or what happened in Philadelphia. We also know that in Lopez it was 24 months that was being debated. In Kerr it was 21 months, I believe. Here it's 60 months, the statutory maximum. Neither involved, of those cases involved invoking the mandatory maximum. Neither involved that you deserve much more. Neither involved wishing for 15 years. Neither involved seven pages attacking the government for not prosecuting and asking why the heck are these. I mean, at the end of the day, the district court's colloquy and statements, they didn't disturb me as a person who's a member of society. They felt rational just as a person. They felt good as a person. But his job isn't, and I'm not going to tell you what the district court's job is. But in this case, his job was to make sure it wasn't about retribution on the original offense. And even though it felt good to me, even as counsel for the appellant, it did not follow an accord with the law of how we handle this kind of case. And for those reasons I asked the court, we don't even need a new judge. I think I'm going to withdraw that request. I think it needs to go back for a proper process under Kosteros for retribution. And many other statements involving retribution on the original offense or underlying offenses is not part of the consideration as to why this person got the max. Thank you very much for your time. Thank you, counsel. Thank you both. Take the case under your budget. That concludes our arguments for today. So I'll ask the courtroom deputy to adjourn. Court is adjourned.